**ANDRY SAGAPOLUTELE, aka ANDREW SAGAPOLUTELE, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 22-98

June 25, 1999

[redacted]

[redacted]

[redacted]

Before RICHMOND, Associate Justice, GOODWIN,[*] Acting Associate Justice, MUNSON,[**] Acting Associate Justice, TUA`OLO, Chief Associate Judge, AFUOLA, Associate Judge.

Counsel: For Appellant, Mitzie J. Folau, Assistant Public Defender
For Appellee, John Cassell, Assistant Attorney General

OPINION

Per Curiam:

Andry Sagapolutele appeals from the trial court's denial of his motion for work release during a 90-day mandatory sentence after he pled guilty to felony driving while his license was suspended. Sagapolutele's license was suspended for six months under § 22.0211 because he had been convicted as a first time offender of driving under the influence. His second offense brought him within the penalty provision § 22.0223.

Sagapolutele contends that the trial court erred when it denied his motion on the grounds that it had no discretion under § 22.0223 to authorize work release in lieu of confinement in jail. He asserts that § 22.0223, which requires that he serve at least 90 days "in custody," is broad enough to include work release as part of his "custody." *See* Black's Law Dictionary (defining custody as "the care and control of a thing or person" and confinement as "detention in a penal institution").

Because the government did not submit a brief, and Sagapolutele did not cite Samoan law discussing the legal definition of "custody" in connection with § 22.0223, counsel were questioned during oral argument on comparative statutes and legislative intent. No Samoan case law that has been called to our attention defines in a criminal context the legal term "custody." Common law courts traditionally have treated penalty language as conferring upon sentencing courts reasonable discretion in the fashioning of a suitable combination of confinement, probation, work release, and similar alternatives to straight confinement.

Until the Fono expresses its intent to depart from the traditional common law discretion reposed in the law courts, we hold that the trial judge does have reasonable discretion in choosing appropriate

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable Alex R. Munson, Chief Judge, United States District Court for the Commonwealth of the Northern Marianas Islands, serving by designation of the Secretary of the Interior.

sentencing alternatives under § 22.0223. In the case at bar, the trial court had discretion to grant work release, if it saw fit to do so, but was under no compulsion to do so.

We vacate the sentence imposed, and remand the case to the trial court for the imposition of any statutory sentence the court may deem appropriate in the exercise of judicial discretion.

VACATED AND REMANDED.